40 So.2d 868

**GILFORD v. EMERGENCY AID INS. CO.**

**4 Div. 547.**

Supreme Court of Alabama.
May 26, 1949.

Geo. C. Wallace, of Clayton, and Crews Johnston, of Clayton, for appellant.

J. C. Fleming, of Elba, for appellee.

**STAKELY, Justice.**

This is a suit brought by Annie Mae Gilford, as administratrix of the estate of Lamar Gilford, deceased, against Emergency Aid Insurance Company, a corporation, on a policy of insurance issued by it to Price Lumber Company of Clio, Alabama, on June 10, 1948, whereby it insured the employees of Price Lumber Company against loss of life by accidental means. Lamar Gilford was employed by Price Lumber Company at about one o'clock P. M. on June 26, 1948, and on the same date while so employed and while the policy was in force met his death by accidental means about 1 hour to 1½ hours after he was employed. The defendant filed three special pleas which are based on provisions contained in a rider to the policy which reads as follows:

"When the name or names of new employees are to be added the company shall issue a certificate in writing to be attached to this policy and the insured employee shall be notified in writing by the company to that effect.

"The operator shall have the right to drop the name or names of employees from this policy and add the name or names of new employees as his employment changes; if the names of any employees are dropped from this policy, the name or names of a like number of employees may be added for the remainder of the premium period without additional cost, upon notice to the company of the names of employees so added."

The plaintiff demurred to the pleas and the court overruled the demurrers. On account of these rulings the plaintiff took a nonsuit. Hence this appeal.

The pleas and rulings on the demurrers thereto are presented as a group and we shall so consider them. It appears to be conceded that the alleged failure to notify the defendant of the employment of Lamar Gilford and the resultant failure of the defendant to issue a certificate to be attached to the policy showing the name of Lamar Gilford is the only defense sought to be set up in the pleas. The demurrer attacks the pleas only on the ground that failure to give the defendant notice of the employment of Lamar Gilford constitutes no defense.

We think the court acted correctly. While the policy should be liberally construed in favor of the insured, it seems clear to us that the policy undertakes to insure only those employees whose names are included in the list of employees contained in the policy or shown by certificate attached thereto. 29 Am.Jur., § 1375, p. 1028; 55 A.L.R. p. 1251. It makes no difference whether a new employee takes the place of one who is dropped from the policy or is in addition to those already listed, his name must appear in the policy or in a certificate attached thereto before he is insured. Until his name so appears the policy is not completed as to him. Malone v. Protective Life Ins. Co., 237 Ala. 640, 188 So. 233; National Life & Accident Insurance Co. v. Bridgeforth, 220 Ala. 314, 124 So. 886.

We do not consider that All States Life Ins. Co. v. Tillman, 226 Ala. 245, 146 So. 393, is contrary to the views here stated. While allegations do not show any words in the present policy indicating automatic insurance as there pointed out, we think that there is a more fundamental difference in the two cases. In Mutual Life Ins. Co. of New York v. Lovejoy, 203 Ala. 452, 83 So. 591, this court approved the principle that the reinstatement of a contract of insurance after breach is not a new contract but on the contrary is a mere continuance of the original contract which but for the reinstatement would have been forfeited and void. In the Tillman case the employee had become eligible by his reemployment. When first employed he had taken the steps necessary to be insured, including signature of the authorization card, and when he reentered the employment, both employee and employer treated the insurance as unrevoked and still effective and "he proceeded to pay his premiums in the manner authorized until the date of his death." [226 Ala.

245, 146 So. 396.] Sovereign Camp, W.O. W., v. Adams, 204 Ala. 667, 86 So. 737; International Ass'n of Machinists v. Grant, 21 Ala.App. 84, 105 So. 438; Reliance Life Ins. Co. of Pittsburgh v. Lowry, 229 Ala. 258, 156 So. 570. But in the case at bar the employee had not been previously employed nor had he previously been covered by the insurance. He was a new employee as to whom the insurance had never become effective. In the Tillman case the original contract was reinstated by waiver of the forfeiture, but in the present case waiver cannot be employed to create a primary liability by extending coverage of the policy so as to include Lamar Gilford. Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818; Equitable Life Assur. Soc. v. Langford, 234 Ala. 681, 176 So. 609. The demurrer raises no point as to refund of premium but we add that there is nothing to show that the insurer received a premium to cover insurance for Lamar Gilford. There is no presumption of such payment since the policy was not a completed contract as to Lamar Gilford. Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11.

Affirmed.

BROWN, FOSTER, and LAWSON, JJ., concur.