49 So.2d 680

**EMERGENCY AID INS. CO. v. PLUMMER.**

**2 Div. 800.**

Court of Appeals of Alabama.

Nov. 21, 1950.

Rehearing Denied Dec. 19, 1950.

Judson C. Locke, of Marion, and J. C. Fleming, of Elba, for appellant.

Sheldon Fitts and Clifton C. Johnston, of Marion, for appellee.

HARWOOD, Judge.

The defendant below has perfected this appeal from a verdict and judgment recovered against it.

Suit was brought in the court below by Bobbie Plummer, as Administratrix of the estate of Iris Plummer, against the Emergency Aid Insurance Company, a corporation, on a policy of insurance issued to the Fondren Lumber Company, of Heibeiger, Alabama, on 10 January 1946. The policy insured the employees of the lumber company against loss of life by accidental means.

Iris Plummer was an employee of the lumber company at the time of his death, which resulted in the course of his employment. It appears that one R. T. Johnson, a former employee of the lumber company, had not worked for several days, and Iris Plummer was employed to take Johnson's place. Premium covering R. T. Johnson had been paid for a thirty day period. Plummer's death occurred on 5 May 1947, after he had worked a few days, which date was within the period covered by the premium paid for R. T. Johnson.

The defendant company filed the following plea:

"That under said policy of insurance here sued on dated January 10, 1946, there is attached to said policy a rider which is referred to and made a part of said policy and which said rider contains the following provision:

" 'This policy is owned by and is to be completely controlled by the operator as below named, who shall have the right to cancel the insurance on any person insured hereunder by giving the insurer written notice of his desire to have same cancelled and said cancellation shall be effective as of the date and time said written notice

is received by the insurer. And, likewise, the operator shall have the right to add other employees to this contract by giving the insurer written notice of those to be added. Those added shall not be insured hereunder until the insurer has issued written notice to the operator and to the insured stating that the new name has been added to this policy. When said notice has been so issued the new name or names shall be a part of this contract and shall be entitled to all the benefits as if the person was insured when this policy was first issued.

" 'When a person is to be dropped from this list the operator shall so advise the insurer as above provided and the insurer shall also give notice to the person who has been dropped from this policy at the address given below or on attached rider. When new names are to be added the insurer shall issue a certificate in writing to be attached to this policy and the insured shall be notified in writing by the insurer to that effect.'

"The defendant says that no written notice as provided for in the above provisions was given to it by G. F. Fondren Lumber Company, to whom said policy was issued, that Iris Plummer's name should be added to this policy. That the Company did not add Iris Plummer's name to said contract or policy of insurance and did not give written notice to the operator, G. W. Fondren Lumber Company, and to Iris Plummer that his name had been added to said policy and that he, therefore, became insured under said policy; defendant says further that no notice was received by it under the terms of said above quoted provisions to add the name of the alleged insured, Iris Plummer, to said contract of insurance, wherefore, this plaintiff is not liable on the policy here sued on."

To this plea the plaintiff filed four replications.

Replications 1, 2 and 3 each state, in various ways, that for a long time, towit, four years, it had been the custom of the defendant company to permit the lumber company to add to the policy the names of additional employees without giving to

the defendant company written notice of such additional employees; that under such custom and usage the names of such additional employees were reported to defendant's collection agent when collection of the premiums was made; that when such additional employees were placed on the lumber company's payroll they were by custom and usage automatically named under the terms of the policy; and that the name of Iris Plummer had been added to the lumber company's payroll, and that he thereby became a beneficiary under the policy.

To replications 1, 2, and 3 the defendant filed several rejoinders. The pertinent ones reiterated the provisions of the rider, and asserted that no agent of the company with authority to do so had altered the provisions of said policy.

The plaintiff then filed replication No. 4, which was as follows:

"4. For further replication to said plea the plaintiff says that under said policy of insurance here sued on and numbered Policy No. 2768, there is attached to said policy a rider which is referred to and made a part of said policy and which said rider contains the following provision:

" 'If a worker is dropped from this policy, another worker may be added for the remainder of the premium period without additional cost.'

"And the plaintiff says that R. T. Johnson was a worker covered by said policy and whose premium had been paid for the premium period ending June 10, 1947; that said worker was dropped from said policy prior to May 20, 1947, and the name of Iris Plummer was added as a worker for the remainder of said premium period, and thereby the said Iris Plummer became a beneficiary under said policy and insured thereunder."

The record does not disclose that any rejoinder was filed to replication No. 4.

The policy was received in evidence. It contains, in the rider, the provisions set forth in the plea. This would prevent plaintiff's right of recovery unless such defense could be validly overcome by plaintiff's replications. In this respect plain-

tiff's evidence is insufficient as to the matters asserted in replications 1, 2, and 3.

Plaintiff has attempted to establish a waiver of the terms of the policy by custom and usage.

■ The evidence without contradiction shows that Plummer had only been employed for a few days before he was fatally injured. No notice of his employment had been sent to the defendant prior to his death, nor had the defendant been notified that R. T. Johnson, whom Plummer was replacing, had ceased being an employee of the lumber company. Plummer was a new employee, who, under the issues made by replications 1, 2, and 3, and the rejoinders thereto, and the evidence submitted in support thereof, had never been effectively placed under the policy sued on. As to Plummer the right sought to be enforced is therefore a primary right. Primary rights cannot be created by waiver or estoppel. Equitable Life Assur. Soc. v. Langford, 234 Ala. 681, 176 So. 609; Gilford v. Emergency Aid Ins. Co., 252 Ala. 311, 40 So.2d 868; Jones v. Liberty National Life Ins. Co., ante, p. 52, 47 So.2d 222, certiorari denied, 254 Ala. 111, 47 So.2d 227.

Under this phase of the case the verdict is therefore contrary to the evidence.

No rejoinder was filed to replication No. 4, and issue was therefore joined thereon.

It is appellee's theory that the provision of the policy set forth in replication 4 creates an alternative method by which new employees may be added to the policy, where such new employees are added as substitutes for former workers for whom a premium has already been paid, and that under such conditions, and the policy provision set forth in replication 4, no notice to the company is necessary to effectuate insurance as to the substitute employee.

The provision set forth in replication 4 appears in a paragraph pertaining to rates. We refrain from deciding whether there is validity to appellee's construction of this out of context provision in view of the full text of the contract. Regardless, it is to be noted that replication 4 further asserts that "R. T. Johnson was a worker

covered by said policy whose premium had been paid for the period ending June 10, 1947; that said worker was dropped from said policy prior to May 20, 1947, and the name of Iris Plummer was added as a worker for the remainder of said premium period, and thereby the said Iris Plummer became a beneficiary under said policy and insured thereunder."

■ The evidence shows without dispute that it was not until 20 May 1947, *after Plummer's death*, that even the collecting agent of defendant was notified that Johnson was to be dropped from the policy. Thus the evidence completely fails to sustain, in fact even denies, a material portion of replication 4. Thus under all phases of this case it must follow that the lower court erred in denying appellant's motion for a new trial on the ground that the verdict was not sustained by the great preponderance of the evidence, and that it was contrary to the facts of the case.

■ Appellant has made assignments of error pertaining to the court's ruling on objections to certain questions. None of these objections were supported by assigned grounds. They can afford no grounds for reversal, since the evidence sought was not obnoxious to all rules of evidence. Walker v. Jones, 33 Ala.App. 348, 34 So.2d 608, certiorari denied 250 Ala. 396, 34 So.2d 614.

Appellant has also assigned as error the court's refusal of three written charges requested by appellant.

■■ Charges "A" and "B" are faulty, and were refused without error.

What is labeled refused charge C is in the following language:

"Comes the defendant and moves the court to give the affirmative charge for the defendant."

■ This writing does not meet the statutory requirement that charges must be given or refused in the terms in which they are written. Section 273, Title 7, Code of Alabama 1940. If it be looked upon as a motion, and the court's refusal as a denial of the motion, then no exception is shown to such ruling. Clearly this

charge was refused without error. Emergency Aid Life Ass'n v. Gamble, 34 Ala. App. 377, 40 So.2d 887.

For the error resulting from the lower court's refusal of appellant's motion for a new trial this cause must be reversed.

Reversed and remanded. .