209 So.2d 647

**B. F. GOODRICH CO.**

**v.**

**Jack M. PARKER.**

**6 Div. 376.**

Supreme Court of Alabama.

Oct. 12, 1967.

As Corrected on Denial of Rehearing

March 7, 1968.

Edw. F. Morgan, Tuscaloosa, for appellee.

Jones, McEachin, Ormond & Fulton, Tuscaloosa, for appellant.

HARWOOD, Justice.

This is a review by certiorari of a judgment and decree in favor of the petitioner in a Workmen's Compensation proceedings seeking payments for permanent partial disability.

The plaintiff below was an employee of The B. F. Goodrich Company. The company is a self-insurer under our compensation law.

On 27 October 1962, the plaintiff, Jack M. Parker, was working at a tire building machine. He was jerked against the machine, and his back and neck were "snapped." He got loose from the machine and fell to the floor.

Parker went to the plant dispensary and received several treatments for his injuries, and in January 1963 the company doctor concluded that Parker's trouble was "muscle rheumatism" and advised him to consult his private physician. Except for three days, Parker continued on his job during this time.

In April, Parker entered a hospital in Tuscaloosa. There, a diagnosis of cervical disc trouble was made, and traction treatment was advised. Parker went back to work for about two days. The pain in his neck got worse, and he was referred to Dr. Sweeney in Birmingham. This physician had a myelogram made, and a herniated disc being shown, he was placed in University Hospital where Dr. Sweeney performed a laminectomy operation.

On 1 July 1963, following this hospitalization, Parker returned to work and worked continuously for sixteen months without being absent from his job because of any disability connected with his employment.

Goodrich accepted liability for the injury and on 5 July 1963, Parker signed a Compensation Settlement Receipt showing the payment of $363.00 "being the total payment due under the Alabama Workmen's Compensation Act * * * for disability period shown below, for all injuries received by Jack M. Parker on or about the 27th day of October 1962. Injuries were as follows: Herniated disc."

This receipt shows also that Goodrich had paid $1,304.55 medical and hospital expenses.

On 4 November 1964, Parker was lifting a heavy tire and suffered pain in his neck as a result. As before stated, this was some sixteen months after the compensation settlement of 5 July 1963. The record shows that Parker was absent from work as a result of neck pain from 4 November to 11 November 1964, and again from 3 December to 13 December 1964. The company voluntarily paid compensation for these two periods "for all injuries received by Jack M. Parker on or about 27 October 1962."

On 23 March 1965, Parker's automobile was struck from behind as he was stopped

at a traffic signal and he received a whiplash injury to his neck. This accident apparently reinjured the neck in the area of the original injury.

Parker was absent from work for approximately a month as a result of this automobile accident and filed a claim for sickness and accident benefits which were paid. On the claim forms for these benefits Parker stated that his injury was non-occupational. Upon his return to work after the automobile accident, he was not absent from work in 1965 or 1966, because of his occupational injury in 1962.

Parker filed suit against the driver of the automobile that struck his car from the rear, and this suit was settled for $3,800.00.

Thereafter, on 5 November 1965, Parker filed the present suit seeking permanent partial compensation for the factory injury of 27 October 1962.

In the proceedings below the defendant filed demurrer to the complaint asserting among other grounds that the complaint showed on its face that it was barred by the "Statute of Limitations." This demurrer was overruled. The defendant then filed a plea in short by consent, etc.

After the hearing, the court entered a decree adjudging the plaintiff to be entitled to compensation, and ordering the defendant to pay to the plaintiff $2,236.00 in accrued payments resulting from the accident on 27 October 1962, and future weekly payments of $13.00 per week for 114 weeks beginning 16 May 1966.

The defendant filed a motion for a new trial, asserting among other grounds that plaintiff's suit was barred by the limitations provided in Section 296, Title 26, Code of Alabama 1940, as amended. This motion being overruled, Goodrich perfected this appeal.

If Goodrich's contention that Parker's claim was barred by Section 296, supra, is meritorious, then this threshold question is dispositive of this appeal. We shall therefore consider this question first.

Section 296, Title 26, Code of Alabama 1940, in parts pertinent to this review, provides:

"In cases of a personal injury all claims for compensation under articles 1 and 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon compensation payable under articles 1 and 2 of this chapter, or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 304 of this title * * * Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

Counsel for appellee argues that the record fails to show that the matter of the limitations bar was called to the attention of the court, and although the question could have been raised under the plea in short, the failure of the record to show that such was done, prevents the appellant from now raising this question on appeal. Counsel relies on Southern Railway Co. v. McCamy, 270 Ala. 510, 120 So.2d 695, in support of this contention.

The above case held in part that an amendable defect in the complaint, although it could be raised under a plea in short, if such defect is not called to the attention of the court, the matter would not be reviewed because of the refusal of defendant's request for the affirmative charge. As stated in the opinion:

"All that was required to obviate the error at any time during the trial was to amend the count by deleting the words 'as administratrix of the estate of William P. McCamy, deceased.'"

Having failed to call this amendable defect to the attention of the trial court

during the trial, it could not be raised for the first time on a motion for a new trial.

As we view the question now being considered, we are not dealing merely with an amendable defect, but rather with a question of jurisdiction. This for the reason that the rights our Workmen's Compensation Law created are rights not existing at common law. The act fixed the time within which it could be enforced. It is a limitation on the right itself and not alone upon the remedy. The period within which such statutorily created rights must be asserted is of the essence of the cause of action, and is to be sustained by both averment and proof. Parker v. Fies and Sons, 243 Ala. 348, 10 So.2d 13; Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76. The time limitations within which such actions must be brought is a condition precedent to the right to maintain such action and is jurisdictional. (See Annotations, 78 A.L.R., p. 1294 et seq., for innumerable authorities.)

As stated in Norton v. Liddell, 280 Ala. 353, 194 So.2d 514:

"The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent. Rinehart, etc. v. Reliance Life Ins. Co. of Georgia, 272 Ala. 93, 128 So. 503. Absence of jurisdiction over the subject matter ends all inquiry, and the matter may be raised on appeal."

We hold that the question of whether the action below was timely brought is subject to review.

Counsel for appellant argues that the payment of the $363.00 plus the $1304.55 medical expenses on 5 July 1963, as evidenced by the compensation settlement receipt, constituted the last payment on Parker's claim for the injury received on 27 October 1962, and that twelve months thereafter, Parker lost any further rights to assert any claim for such injury.

On the other hand, counsel for Parker strenuously argues that the payments for temporary total disability for the periods 4 November to 8 November 1964, and December 3 to December 13, 1964, because of the injury on 27 October 1962, are to be considered as the last payments on the claim. As before noted, the first of such latter payments was some sixteen months after the original settlement, and as recited in the receipt executed by Parker on 5 July 1963, was for "the total payment due under the Alabama Workmen's Compensation Act * * * for disability shown below, for all injuries received by Jack M. Parker on or about the 27th day of October 1962 * * *"

According to the record, Parker resumed his job after his last absence of December 3 to December 13, 1964, and was not absent from his work because of any disability connected with his original injury. Thereafter, he was absent for a period beginning on 24 March 1965, the day following his automobile accident, such absence being due to injuries received in the automobile accident.

It is to be noted that in the proceedings below the plaintiff testified that prior to the automobile accident he was not having any pain in his neck. "I was working and wasn't complaining and wasn't going to a doctor and was feeling good." He further testified that to the best of his recollection he had not had any pain in his neck for months.

Clearly the complaint filed in this case on 5 November 1965, was not filed within one year of the accident on 27 October 1962, nor does the record show any agreement between the parties for the payment of compensation. The company did accept liability for the accident, and payments in full were made as evidenced by the receipt of 5 July 1963. Such receipt was evidence of a last payment on or before

that date, and we hold that the claim was barred twelve months after 5 July 1963, unless, as contended by counsel for appellee, the appellant is estopped from asserting such defense because of the two payments made in November and December 1964.

A number of courts of our sister states have considered the question of the effect of a voluntary payment of compensation after the cause of action has been barred, or extinguished by the statutes of the respective states. While these cases are not identical in factual situations or are the statutes identical, yet they involve the same principle as presented in this case. These courts have held that when the right to compensation is barred by the period of limitation provided, a payment of compensation after the cause of action has thus been extinguished, cannot be deemed to revive the cause of action. Pittman v. Glenncliff Dairy Products Co., 154 Kan. 516, 119 P.2d 470, 144 A.L.R. 600; Riccioni v. American Cyanamid Co., 23 N.J. Super. 465, 93 A.2d 60; Vaughan v. Shell Pipe Line Corp., 204 Okl. 175, 228 P.2d 180; Hodges v. State Road Department (Fla.), 171 So.2d 523; Brister v. Wray Dickerson Co., Inc., 183 La. 562, 164 So. 415.

Parker's cause of action for compensation having been extinguished on or after 5 July 1964 (twelve months after the payment on 5 July 1963), the voluntary payments of compensation made by the company several months after 5 July 1964, in no way misled Parker or caused him to change his position to his injury. His cause of action had already been extinguished. There is no basis for concluding that the payments in November and December 1964, after Parker's cause of action had already been extinguished, estopped the appellant company from asserting that defense.

To conclude otherwise would in effect be to create a new cause of action in lieu of the extinguished one. Estoppel is not effective to create a cause of action. Penn Mutual Life Ins. Co., etc. v. Mallory, 255 Ala. 256, 50 So.2d 740. Nor can primary rights be created by estoppel or waiver. Emergency Aid Ins. Co. v. Plummer, 35 Ala.App. 520, 49 So.2d 680.

Counsel for appellee further argues that because Parker was continued in his employment by Goodrich, and was not medically restricted, this in itself was payment of compensation in the form of something other than money. Counsel relies largely upon Head v. Triangle Construction Co., 274 Ala. 519, 150 So.2d 389, in support of this argument.

In brief counsel for appellee sets forth that Parker asked for a job transfer in November 1962, but this request was not granted. In October 1963, he was allowed "to bid off his regular job of tire building, which he had held for years without medical restriction." In September 1964, he was returned to his regular job. "Shortly thereafter the defendant's doctor recommended a permanent job change but again appellee was allowed to use his seniority and bid off his regular job without having to get a medical restriction."

In *Triangle Construction,* supra, the argument of the appellant was that the employer had paid the claimant his regular wages during two brief periods of employment after his injury when he was not performing a normal work load, and therefore part of the wages thus paid was a gratuity which was compensation within Section 296 of Title 26.

In this connection this court wrote:

"* * * The general rule seems to be that when an injured employee receives the same wage rate for lighter work after returning to his job, it is 'compensation' if the employer was aware, or should have been aware, that such wages constituted compensation." (Citations omitted.)

* * * * * *

"We think the correct rule for deciding the question at hand involves the issues of (1) whether the employer was aware, or should have been aware, that such payments were compensation, (2) whether the payments had the effect of recognition of the employee's claim, and (3) whether or not the evidence indicates that the employer paid for more than he received.

"It is only just that under the appropriate circumstances such payment of wages constitutes compensation that will toll the statute. To hold otherwise would allow an employer to lull an injured employee into a false sense of security by paying him full wages for less than normal work. The statute of limitations would be defeated, for an employer could simply pay wages for one year and then rely on the bar to relieve him from further liability. On the other hand, this court would probably be hesitant to announce an absolute rule that wages paid under such conditions were always compensation that tolled the statute. Such an announcement would make employers who did not feel that they were liable hesitate to re-employ their injured workers.

"The evidence in this case falls short of proving that the employee's work was not worth the wages that were paid simply because the employee was put on a different and lighter work when he returned and does not automatically show that a portion of the wages were unearned. There is no evidence that the employer could have gotten the lighter work done for less."

There is no evidence in this record indicating either that Goodrich was, or should have been aware that the wages paid Parker were compensation, nor that the wages paid Parker were a recognition of his claim, nor that Goodrich paid more in wages to Parker than was due for the work performed.

No merit attaches to this last contention by appellee.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.

On Rehearing

HARWOOD, Justice.

In our opinion in about the twenty-sixth paragraph, we referred to the original compensation settlement receipt executed by appellee on 5 July 1963. Inadvertently the word "period" was omitted following "disability" in the phrase "for disability shown below * * *" This phrase should have read "for disability period shown below * * *"

In brief on application for rehearing, counsel for appellee states: "From reading the court's opinion it appears that the appellee receipted the appellant for all disability he might have had."

Actually, we had set out the receipt of 5 July 1963, in the forepart of our opinion, with the word "period" included. The omission of the word "period" in the second reference would seem to be self correcting, but to remove any ambiguity, we hereby correct our opinion to the extent of including the word "period" after the words "for disability" as the same appear in the second reference to the settlement receipt of 5 July 1963.

In brief on application for rehearing, counsel has largely reargued the points already considered by us in our original opinion. We adhere to our original conclusions.

Opinion corrected; application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.