This is a workmen's compensation case.
The trial court held that the employee had failed to file suit within the time prescribed under our workmen's compensation law and was thus barred. The employee appeals.
Section 25-5-80, Code of Alabama (1975) provides a one-year statute of limitations for the filing of a civil action claiming workmen's compensation benefits. The statute begins to run from the date of the injury. Cunningham v. MilsteadPulpwood Company, 366 So.2d 737 (Ala.Civ.App. 1979). The commencement of the action within the time prescribed by the statute is an indispensable condition to the liability of the defendant and to the plaintiff's right to sue. Hale v. UnitedStates Fidelity and Guaranty Co., 45 Ala. App. 379, 384,231 So.2d 156, 160 (1970). The thrust of the employer's evidence at trial was an effort to prove the employee's noncompliance with the one-year requirement. The trial court found the employee did not meet the requirement. The dispositive issue on appeal is whether there was any evidence supportive of the court's finding. There was and we affirm.
The employee filed suit on November 2, 1979, and alleged that he had injured his back in May of that year when he was lifting a hot water heater tank onto an assembly line. A detailed analysis of the evidence relevant to the issue of when the injury occurred is not warranted here. That evidence was conflicting in the following manner:
On the one hand the employee testified that his injury occurred on May 1, 1979, a time well within the one-year requirement. On the other hand, the employee testified that he really didn't know when he hurt his back but that the pain became too much for *Page 1032 
him on May 1. Although the employee testified repeatedly that this May 1 occurrence was the first time he had ever had any back problems while working for the employer, a physician's report was introduced showing that he had sustained an injury to and received treatment for his back in July 1978, resulting from lifting water heaters while working for the employer. If the court believed, as it apparently did, that the injury complained of actually occurred in July 1978, then the suit filed by the employee in November 1979 would be untimely.
The weight of the evidence and the credibility of the witnesses are not before us. Florence Enameling Company v.Jones, 361 So.2d 564 (Ala.Civ.App.), cert. denied,361 So.2d 567 (Ala. 1978). In reviewing judgments in compensation cases we are not concerned with a preponderance but look simply to see if there is any evidence to support the findings of the trial court. American Tennis Courts, Inc. v. Hinton,378 So.2d 235 (Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala. 1979). If there is any legal evidence to support those findings, they will not be disturbed on appeal. Barfield v. General Steel TankCo., 370 So.2d 1005 (Ala.Civ.App.), cert. denied,370 So.2d 1008 (Ala. 1979).
The evidence of the injury occurring in 1978 was sufficient legal evidence from which the trial court could find the employee's noncompliance with the one-year statute of limitations. § 25-5-80, Code of Alabama (1975).
The appellant-employee's many and varied allegations found in brief but not in the record are not before us on appeal. OldSouthern Life Insurance Co. v. Free, 46 Ala. App. 622,247 So.2d 379 (1971).
Finding no error in the record, we affirm the trial court's judgment.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.