This is a workmen's compensation case.
The Circuit Court of Mobile County granted the appellee's motion to dismiss the claim of employee, Mr. William McLain, for compensation and medical benefits under the Act, and the employee appeals. We affirm.
The employee made a claim for compensation and medical benefits through his former employer, GAF Corporation. His employer denied his request, and Mr. McLain filed an action to seek benefits. The employer filed a motion to dismiss, alleging among other things that Mr. McLain's cause of action was barred by the one-year statute of limitations. The motion to dismiss was initially denied, but after a motion to reconsider, the trial judge entered an order granting the employer's motion to dismiss.
From this dismissal, Mr. McLain, through able counsel who has provided this court with an excellent brief, appeals, contending in essence he is entitled to medical payments because there is no statute of limitations on medical payments under the appropriate Workmen's Compensation Act provision.
The facts, as pleaded, are that Mr. McLain is sixty-four years old, and has been diagnosed as suffering from asbestosis, a pulmonary disease caused by exposure to asbestos fibers. Mr. McLain retired from his job at GAF Corporation after approximately thirty-one years. It was approximately one year and one month after his retirement before he was diagnosed as having a moderately severe case of asbestosis.
Mr. McLain, through counsel, contends there is no applicable statute of limitations on medical payments under § 25-5-147; he concedes he is no longer entitled to disability compensation because his claim was not filed within the one-year statute of limitations.
This appears to be a case of first impression. The issues before this court are whether medical payments are subject to the one-year statute of limitations, and if *Page 1330 
not, whether an employee may bring a claim for medical payments after the one-year period for compensation has run.
The applicable statute, Ala. Code § 25-5-147 (1975) in pertinent part reads:
 "In case of the contraction of the disease of occupational pneumoconiosis, as defined in this article, or of injury or disability resulting therefrom, all claims for compensation shall be forever barred, unless within one year after the date of the injury, as hereinafter defined, the parties shall have agreed upon the compensation payable under this article, or unless within one year after the date of the injury one of the parties shall have filed a verified complaint as provided in section 25-5-88. . . . No agreement, express or implied, to shorten or to extend said limitations shall be valid or binding on either of the parties when said employment, at the time of said exposure, is or was subject to the provisions of this article. The date of the injury shall mean, for all purposes of this article, the date of the last exposure to the hazards of the disease in the employment of the employer in whose employment the employee was last exposed, within a period of five years prior to the date of the injury, to the hazards of the disease in each of at least 12 months." (Emphasis supplied.)
"Compensation" is deliberately defined by the Workmen's Compensation Act to exclude medical payments. "Such term [compensation] does not include medical and surgical treatment and attention, medicine, medical and surgical supplies, crutches and apparatus furnished an employee. . . ." Ala. Code §25-5-1 (1) (1975).
The above quoted definition of compensation applies to the entire workmen's compensation chapter under the express language of the Act, unless the "context shall clearly indicate a different meaning in the connection used." Ala. Code § 25-5-1
(1975). "This exclusion [of medical payments] cuts across theentire law. . . ." Sam's Place v. Middleton, 39 Ala. App. 481,483, 103 So.2d 812, 813 (1958). Furthermore, we have specifically held that the above quoted definition of compensation applies to the general workmen's compensation statute of limitations, § 25-5-80. Cunningham v. MilsteadPulpwood Co., Inc., 366 So.2d 737 (Ala.Civ.App. 1979).
While it may appear the employee's position is correct that there is no specific statute of limitations on medical payments, we need not determine this. A decision by our state supreme court in a workmen's compensation case is dispositive of this case.
 "The [workmen's compensation] act fixed the time within which it could be enforced. It is a limitation on the right itself and not alone upon the remedy. The period within which such statutorily created rights must be asserted is of the essence of the cause of action, . . . . The time limitations within which such actions must be brought is a condition precedent to the right to maintain such action and is jurisdictional."
B.F. Goodrich Co. v. Parker, 282 Ala. 151, 155, 209 So.2d 647,650 (1968).
Furthermore, the court in that case held that jurisdiction over the subject matter cannot be created by waiver or consent as an absence of jurisdiction over the subject matter ends all inquiry. B.F. Goodrich Co. v. Parker, supra.
This holding — that once run the statute of limitations bars "the right itself" — removes the jurisdiction of the trial court to hear McLain's claim for medical benefits. Bringing the claim within the one-year period is a condition precedent to maintaining the right itself, and the "right itself" includes compensation and medical benefits.
Furthermore, we have held via Presiding Judge Wright that the "commencement of [a workman's] action within the time prescribed by the statute is an indispensable condition to the liability of the defendant [employer] and to the plaintiff's [worker's] right to sue." Morgan v. Rheem Manufacturing Co.,395 So.2d 1030, 1031 (Ala.Civ.App. 1981).
Therefore, as a threshold matter, the running of the statute of limitations has extinguished *Page 1331 
both the employer's liability and the plaintiff's right to sue.
We therefore affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.