BRADLEY, Judge.
This is a workmen’s compensation case.
Myra Boling was injured in January 1978 while performing her duties as an employee of Delchamps, Inc. She was off work from March 10, 1978 until April 3, 1978. Ms. Boling worked until September 1980, when she stopped work because of her injuries.
Ms. Boling filed an action for workmen’s compensation benefits on January 19, 1983. Delchamps filed an answer and a motion for summary judgment. The motion averred that the action was filed more than one year after the injury or more than one year after the last workmen’s compensation payment.
Section 25-5-80, Code 1975, provides in part as follows:
“In case of a personal injury, all claims for compensation under this article and article 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under this article and article 2 of this chapter or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 25-5-88_ Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment.” (Emphasis added.)
After a hearing the trial court granted a summary judgment for Delchamps. Ms. Boling appeals.
Ms. Boling contends here that the trial court erred in granting a summary judgment in favor of Delchamps because there was a material question of fact as to whether the one year statute of limitations had run prior to the filing of her complaint.
She stated in her affidavit that the medical treatment for her injuries had been paid for by Delchamps up until the time of the court action. Ms. Boling did not aver in her complaint, nor did she say in her affidavit, that she had been paid workmen’s compensation benefits for any period other than March 10, 1978 to April 3, 1978.
It is clear from section 25-5-80 that the filing of an action more than one year after the last payment of workmen’s compensation benefits comes too late and must be dismissed. B.F. Goodrich Co. v. Parker, 282 Ala. 151, 209 So.2d 647 (Ala.1967).
There is no evidence in the record that compensation benefits were paid for any period after April 3, 1978. Hence, the trial court properly granted summary judgment to Delchamps.
Ms. Boling says, however, that the medical expenses caused by her injury were paid by Delchamps up to the time she filed her action. We have held that the payment of medical expenses does not toll the running of the statute of limitations. Cunningham v. Milstead Pulpwood Co., 366 So.2d 737 (Ala.Civ.App.1979).
*344 There being no evidence that Delchamps paid compensation benefits to Ms. Boling within one year of the filing of her complaint, the trial court did not err in granting summary judgment to Delchamps on the ground that Ms. Boling’s action was not timely filed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.