BRADLEY, Presiding Judge.
This is a workmen’s compensation case.
The plaintiff, Tuscaloosa County, brought a declaratory action against defendant INA/Aetna Insurance Company (hereinafter referred to as “insurer”), in connection with medical and surgical expenses the plaintiff paid for an injury occurring to one Joe Bradshaw, a deputy sheriff employed by plaintiff, Tuscaloosa County. In its petition for declaratory relief, plaintiff, Tuscaloosa County, alleged that Deputy Bradshaw initially suffered a back injury in May 1978 while serving within the line and scope of his duties. Tusca *781 loosa County also alleged that after his May 1978 injury the insurer paid Deputy Bradshaw’s workmen’s compensation claim for medical and surgical expenses as well as his claim for temporary total compensation benefits resulting from Bradshaw’s back injury and subsequent surgery. Finally, Tuscaloosa County alleged that Deputy Bradshaw was forced to undergo further surgery in 1986 as a result of his 1978 job-related injury, that the insurer refused to pay workmen’s compensation benefits for medical expenses resulting from the 1986 surgery, and, thus, that Tuscaloosa County was forced to pay those medical expenses. Tuscaloosa County asserted that the insurer was liable for those medical expenses and that it had standing to sue the insurer for the recovery of those expenses as Deputy Bradshaw’s subrogee.
On February 5, 1987 the insurer filed a motion for summary judgment on the basis that Bradshaw’s claim was time-barred by the applicable statute of limitations and, therefore, that Tuscaloosa County’s claim as subrogee was also barred. On February 24, 1987 the Circuit Court of Tuscaloosa County granted the insurer’s motion for summary judgment.
Tuscaloosa County now appeals from the circuit court’s order granting summary judgment for the insurer and asserts that the trial court erred in ruling that its claim as subrogee was time-barred by the statute of limitations.
At the outset, we note that an injured employee’s actions in filing suit within the time specified by the statute of limitations of the Workmen’s Compensation Act constitutes a condition precedent to an injured employee’s right to maintain an action for compensation benefits and is a jurisdictional act. See, B.F. Goodrich Co. v. Parker, 282 Ala. 151, 209 So.2d 647 (1967). Additionally, the circuit court’s jurisdiction over the subject matter of a workmen’s compensation case, which is created by the timely filing of an injured employee’s complaint, cannot be created by waiver or estoppel and the untimely filing of a complaint terminates the circuit court’s jurisdiction to further address the matter. See, B.F. Goodrich Co. v. Parker, supra.
Section 25-5-1(1), Code 1975, expressly provides that “medical and surgical treatment and attention, medicine, medical and surgical supplies, crutches and apparatus furnished an employee” do not constitute compensation as defined by the Workmen’s Compensation Act. Moreover, the period of limitations set out in the Workmen’s Compensation Act applies only to compensation benefits. See, § 25-5-80, Code 1975. However, we note that our case law provides that the timely commencement of an employee’s action within the time specified by the applicable statute of limitations is a condition precedent to both the employer’s liability and the employee’s right to sue. Morgan v. Rheem Manufacturing Co., 395 So.2d 1030 (Ala.Civ.App.1981). Thus, failure to file suit within the time specified by the applicable statute of limitations bars the injured employee’s right to sue not only for compensation but also for medical expenses. See, McLain v. GAF Corporation, 424 So.2d 1329 (Ala.Civ.App.1982).
In the present case the applicable statute of limitations provided that an injured employee’s right to sue shall not be time-barred “until the expiration of one year from the date of the accident or one year from the time of making the last payment.” See, § 25-5-80, Code 1975. (Prior to February 1, 1985, section 25-5-80, Code 1975, provided for a one-year statute of limitation. Now the code section provides for a two-year limitation period.) Thus, the question arises as to which event triggers the one-year limitations period, i.e. the date of the accident or the date of the last compensation payment.
As we have noted above, the limitations period in compensation cases can be triggered by either the date of the accident or the date of the last payment of compensation. However, in the case of medical expenses, the applicable limitation period begins to run from the date of the accident. See, Kimberly-Clark Corp. v. Golden, 486 So.2d 435 (Ala.Civ.App.1986). Thus, in order for the trial court to have jurisdiction *782 over an injured employee’s claim for medical expenses, the employee must have filed a claim within the specified time of the injury-causing accident. Kimberly-Clark Corp. v. Golden, supra.
Turning now to the facts of this particular case, the record reveals that Bradshaw’s back injury initially occurred in May 1978. Since Bradshaw’s injury occurred in May 1978, a claim on his behalf should have been filed within one year of that date, or before May 1979. While Bradshaw and the insurer entered into a settlement agreement after the accident, the agreement was neither approved by a court nor incorporated into a decree, and no claim was actually filed until July 1986. As noted above, compliance by an injured employee with the applicable statute of limitations, i.e. the one-year statute in the present case, is a condition precedent to that employee’s right to bring an action. See, McLain v. GAF Corp., supra. Since no claim was filed within one year of Bradshaw’s accident, we conclude that the trial court correctly found that Tuscaloosa County’s claim was time barred by the applicable statute of limitations.
We also note that the insurer asserts in its brief that Tuscaloosa County lacks standing to bring this suit. This issue, however, was not properly raised in the form of a cross appeal as required by Rule 4(a)(2), Alabama Rules of Appellate Procedure. We, therefore, decline to address it. See, Johnson v. Salter, 359 So.2d 417 (Ala.Civ.App.1978).
For the above specified reasons, we affirm the judgment of the circuit court with respect to its entry of summary judgment for the insurer.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.