Aroul M. Poff sustained a work-related injury on October 5, 1987, while employed with General Motors Corporation, d/b/a Saginaw Steering Gear. Poff received treatment for his injuries, but he did not miss any time from work, nor did he receive any temporary total disability benefits at that time. In September 1992 Poff aggravated his previous injury and received workmen's compensation benefits for the first time. Poff sued General Motors on April 6, 1994. General Motors alleged the statute of limitations in its answer. The trial court held that Poff's claim was barred by the applicable statute of limitations, § 25-5-80, Ala. Code (1975). Poff appeals.
On appeal Poff contends that the trial court abused its discretion in finding that his claim was barred by the applicable statute of limitations. Poff contends that § 25-5-80
allows for the revival of the statute of limitations upon payment of temporary benefits. We disagree with that contention.
The facts of the case are undisputed. Poff suffered a work-related injury on October 5, 1987. However, he did not miss any work due to the injury, nor did he receive any temporary total workmen's compensation benefits at that time. Poff saw several different doctors, who treated his injury with a variety of medications and with physical therapy. No surgery was ever required. Although Poff changed positions and departments within General Motors, he continued to work for the company from the date of the *Page 443 
injury through the date of the trial. The changes were made because Poff bid for a different job or because a position was phased out and he was placed in different area. In September 1992 Poff aggravated his 1987 injury and, for the first time, received temporary total disability benefits under the Workmen's Compensation Act. After an ore tenus proceeding, the trial court entered an order, finding that the action was barred by the applicable two-year statute of limitations, §25-5-80, Ala. Code 1975. Relying on B.F. Goodrich v. Parker,282 Ala. 151, 209 So.2d 647 (1968), the trial court held as follows: "Where a cause of action for [workmen's] compensation payments has already been barred by the statute of limitations, any payment of compensation benefits after that time does not revive the cause of action."
Parker is the controlling case on this issue. While the statute of limitations has since been expanded, the overall rule of law remains. The question created is one of jurisdiction rather than one of available remedy. Id. at 155, 209 So.2d at 650. In that case, our supreme court further held: "The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction, over either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent." Id. at 155, 209 So.2d at 650. This court has also held that the " 'commencement of [a workman's] action within the time prescribed by the statute is an indispensable condition to the liability of the defendant [employer] and to the plaintiff's [worker's] right to sue.' " McLain v. GAFCorp., 424 So.2d 1329, 1330 (Ala.Civ.App. 1982) (quotingMorgan v. Rheem Mfg. Co., 395 So.2d 1030, 1031 (Ala.Civ.App. 1981)) (interpolations in McLain). Clearly, the two-year statute of limitations had extinguished Poff's action years before he received any workmen's compensation benefits, and the payments did not serve to revive the action.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE and CRAWLEY, JJ., concur specially.