THOMPSON, Presiding Judge.
Michael James Maxwell ("the father") appeals from a judgment of the Dale Circuit Court ("the trial court") that, among other things not relevant to this appeal, modified custody of his children.
On January 11, 2012, the trial court entered a default judgment divorcing the father and Maria Adela Maxwell ("the mother"). In the divorce judgment, the father was awarded custody of the parties' minor children ("the children"). The mother was not awarded visitation rights at that time. However, on April 29, 2013, the divorce judgment was modified to allow the mother to exercise visitation in a manner that was compatible with the distance between the mother's and the father's residences.
The father is in the United States Army. At the time the 2012 divorce judgment was entered, he and the children lived in Dale County; the mother resided in New Jersey. There is no evidence in the record to suggest that the mother has ever lived in Alabama. The parties agree that the father and the children moved from Alabama in "mid-May 2013" to the father's new military posting in Hawaii. On June 26, 2013, the mother filed in the trial court a motion to enforce visitation and for contempt. It appears that she sought to visit the children before they left the United States mainland. The father was served with the motion in Hawaii on July 17, 2013.
On May 30, 2014, more than one year after the father and the children had moved from Alabama, the mother filed in the trial court a petition to modify custody. On June 15, 2015, the father, who, along with the children, still lived in Hawaii at that time, filed in the trial court a contempt *750 action against the mother. The trial court consolidated the three pending actions, i.e., the mother's 2013 motion to enforce visitation and for contempt and her 2014 modification petition and the father's 2015 contempt petition, for the purposes of conducting a final hearing and a entering a final judgment.
In 2016, the father and the children moved to North Carolina. By that time, the mother had resided in New Jersey for at least six years. The parties continued to live in those respective locations when the trial court entered its judgment modifying custody on June 27, 2017. In that judgment, the trial court, among other things, awarded the mother sole physical custody of the children.
The father filed a timely appeal from the modification judgment. On April 6, 2018, the appeal was submitted for decision on briefs. In the appellate briefs, neither party addressed the issue of the trial court's subject-matter jurisdiction. Because the record reflected that the parties and the children had not resided in Alabama for at least one year at the time the mother's modification petition was filed, this court requested letter briefs from the parties on the issue of the trial court's subject-matter jurisdiction to modify custody. The parties complied with our request, and we now address the issue of jurisdiction.
Jurisdictional issues are of such importance that this court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala. Civ. App. 1997). " '[T]his Court is duty bound to notice ex mero motu the absence of subject-matter jurisdiction.' " Baldwin Cty. v. Bay Minette, 854 So.2d 42, 45 (Ala. 2003) (quoting Stamps v. Jefferson Cty. Bd. of Educ., 642 So.2d 941, 945 n.2 (Ala. 1994) ). " 'The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction, over either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent.' " Poff v. General Motors Corp., 705 So.2d 442, 443 (Ala. Civ. App. 1997) (quoting B.F. Goodrich Co. v. Parker, 282 Ala. 151, 155, 209 So.2d 647, 650 (1968) ). Therefore, this court must determine whether the trial court, which awarded the father custody of the children in the 2012 divorce judgment, had continuing jurisdiction to modify the custody award even though the mother, the father, and the children all resided in other states at the time the mother's modification petition was filed.
The Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, governs determinations of subject-matter jurisdiction in cases involving child-custody proceedings. Ex parte Gallant, 221 So.3d 1120, 1122 (Ala. Civ. App. 2016). The UCCJEA provides:
"(a) Except as otherwise provided in Section 30-3B-204[, Ala. Code 1975, dealing with temporary emergency jurisdiction], a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203[, Ala. Code 1975,] has continuing, exclusive jurisdiction over the determination until:
"(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
"(2) A court of this state or a court of another state determines that the child, the child's parents, and any person *751 acting as a parent do not presently reside in this state.
"(b) A court of this state which has made a child custody determination and does not have continuing, exclusive jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 30-3B-201."
§ 30-3B-202, Ala. Code 1975.
The trial court did not make any factual findings regarding where the parties lived or the length of time they had lived outside of Alabama on the date the mother filed her modification petition. However, in the last paragraph of the modification judgment, the trial court noted that, at the time that judgment was entered, the father resided near Fort Bragg, North Carolina, and the mother resided in New Jersey. Therefore, the trial court directed, "[o]nce this matter is concluded, this Court relinquishes jurisdiction, and jurisdiction for all future action shall be determined pursuant to the UCCJEA and the [Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A ]."
This case is indistinguishable from McGonagle v. McGonagle, 218 So.3d 1208, 1213 (Ala. Civ. App. 2016). In McGonagle, the father lived in Texas at the time he filed a petition seeking a modification of an Alabama circuit court's prior custody determination. The mother, who was the custodial parent, and the child had lived in Florida for more than six consecutive months at the time the petition was filed. Accordingly, we held, the circuit court should have determined that it had lost continuing, exclusive jurisdiction of the matter.
In this case, the evidence is undisputed that, at the time the mother filed the modification petition on May 30, 2014, she lived in New Jersey and the father and the children lived in Hawaii. Thus, at the time the petition was filed, the trial court did not have exclusive, continuing jurisdiction to modify the custody award set forth in the divorce judgment and the subsequent "amended" judgment, that is, the judgment that awarded visitation to the mother. § 30-3B-202(a)(2) ; McGonagle, 218 So.3d at 1213.
Because the trial court no longer had exclusive, continuing jurisdiction, § 30-3B-202(b) directs us to § 30-3B-201, Ala. Code 1975, to determine whether the trial court had jurisdiction to make an initial custody determination. If it did have such jurisdiction, then it would also have jurisdiction to modify its previous custody award. § 30-3B-202(b).
Section 30-3B-201 provides, in pertinent part:
"(a) Except as otherwise provided in Section 30-3B-204[, Ala. Code 1975, dealing with temporary emergency jurisdiction], a court of this state has jurisdiction to make an initial child custody determination only if:
"(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
"(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, [Ala. Code 1975,] and:
"a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, *752 have a significant connection with this state other than mere physical presence; and
"b. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
"(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208 ; or
"(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
"(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state."
The record demonstrates that, at the time the mother filed her petition, she had resided in New Jersey for more than six consecutive months and the father and the children had resided in Hawaii for more than six consecutive months. Thus, Alabama was no longer the home state of the children. § 30-3B-201(a)(1). There is no evidence that anyone in the family had substantial ties to Alabama; nothing in the record demonstrates that substantial evidence is available in Alabama concerning the children's care, protection, training, and personal relationships; and there is no evidence to suggest that a court in another state has declined to exercise jurisdiction. § 30-3B-201. Therefore, the trial court would not have had jurisdiction to make an initial custody determination at the time the mother's petition was filed. McGonagle, supra.
Because the trial court did not have continuing, exclusive jurisdiction under § 30-3B-202 and did not have subject-matter jurisdiction under § 30-3B-201, the trial court did not have subject-matter jurisdiction to modify custody as requested in the mother's May 30, 2014, petition.
The mother states that Alabama was the children's home state at the time she filed her motion to enforce visitation and for contempt in June 2013. Because the trial court consolidated that motion with the mother's petition to modify custody filed in 2014 and the father's subsequent contempt petition filed in 2015, the mother says, the trial court retained jurisdiction over the entire matter. In making this argument, the mother ignores the provisions of the UCCJEA. Moreover, this court has previously rejected an argument similar to the argument the mother has asserted.
"In Ex parte Stouffer, 214 So.3d 1192 (Ala. Civ. App. 2016), a majority of this court held that § 30-3B-202 does not apply to enforcement actions. The majority held that an Alabama trial court has inherent authority to enforce its own child-custody determination even though it has lost jurisdiction under the UCCJEA to modify that determination. Under Ex parte Stouffer, even if the children and the parents no longer reside in Alabama and Alabama otherwise has no other connection to the case, an Alabama court may still exercise subject-matter jurisdiction over contempt proceedings to enforce its prior child-custody determination."
Ex parte Gallant, 221 So.3d 1120, 1123 (Ala. Civ. App. 2016). Thus, even though the trial court retained jurisdiction over the enforcement and contempt matters, under the UCCJEA it had lost jurisdiction to modify custody.
The trial court did not have subject-matter jurisdiction to modify custody at the time the mother filed her modification petition. Accordingly, the June 27, *753 2017, judgment purporting to modify custody is void. See McGonagle, 218 So.3d at 1215, and Baker v. Baker, 25 So.3d 470, 475 (Ala. Civ. App. 2009). "This court has a duty to dismiss an appeal that is taken from a void judgment because a void judgment will not support an appeal." Baker, 25 So.3d at 475.
The mother's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.