Rachael Lynn Peterson ("the mother") appeals a judgment of the Mobile Circuit Court deferring to the jurisdiction of the Twelfth District Court of North Carolina ("the North Carolina court") over the issues of the custody of and visitation with the two minor children ("the children") born of the marriage between the mother and Alex William Peterson III ("the father"). For the reasons discussed below, we affirm the judgment deferring to the jurisdiction of the North Carolina court and vacate all orders the Mobile Circuit Court entered awarding the mother custody, awarding the father visitation rights, and ordering the father to pay the mother monthly child support.
The record establishes the following material substantive and procedural facts. While the father and the children were residents of Alabama, the father sued the mother for a divorce in the Mobile Circuit Court.[1] However, sometime thereafter, the father moved to North Carolina.[2] In March 2003, the Mobile Circuit Court entered a judgment divorcing the mother and the father, awarding the father primary physical custody of the children, granting the mother visitation with the children, and ordering the mother to pay child support.
After the entry of the divorce judgment, the father took the children to North Carolina to live with him. However, the children subsequently returned to Alabama and resided with their maternal grandparents in Alabama from at least August 2003 until July 2004. In July 2004, the father came to Alabama and took the children back to North Carolina to live with him. The children have remained with the father in North Carolina since July 2004.
The mother resided in North Carolina from December 2003 until January 2005. On December 21, 2004, the mother, while she, the father, and the children were all residing in North Carolina, filed with the Mobile Circuit Court a petition seeking a modification of the divorce judgment to award her custody of the children ("the mother's petition"). In support of her petition, the mother alleged, among other things, that the father had neglected and physically abused the children. The mother also requested that the Mobile Circuit Court award her child support, award her an attorney's fee, and find the father in contempt on the ground that he had allegedly *Page 1098 
interfered with the mother's visitation with the children.
Following a hearing regarding the mother's petition, the Mobile Circuit Court, on April 26, 2005, purported to enter a default judgment against the father based on his failure to appear at the hearing. The Mobile Circuit Court found that, based on the evidence it had received at that hearing, it, rather than the North Carolina court, had jurisdiction over the issues of the children's custody and visitation. The Mobile Circuit Court purported to award the mother primary physical custody of the children and to terminate her child-support obligation. It then scheduled a future hearing regarding the father's child-support obligation and his visitation with the children. On July 5, 2005, the Mobile Circuit Court purported to amend the default judgment to add specific factual findings.
After conducting a hearing regarding the father's child-support obligation and his visitation, the Mobile Circuit Court, on August 19, 2005, purported to enter a default judgment ordering the father to pay $455.40 per month in child support and granting him visitation with the children. However, on October 3, 2005, the Mobile Circuit Court, acting ex meromotu, entered a judgment deferring to the jurisdiction of the North Carolina court over matters pertaining to the children's custody and visitation. The mother timely filed a Rule 59(e), Ala. R. Civ. P., motion challenging the judgment deferring to the jurisdiction of the North Carolina court. The mother's Rule 59(e) motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., when the Mobile Circuit Court failed to rule on it within 90 days after it was filed. The mother then timely appealed to this court.
On appeal, the mother argues that the Mobile Circuit Court erred in deferring to the jurisdiction of the North Carolina court. However, an analysis of the possible sources of the Mobile Circuit Court's subject-matter jurisdiction over the issues of custody and visitation in light of the particular facts of this case reveals that the Mobile Circuit Court did not err in deferring to the jurisdiction of the North Carolina court over those issues because the Mobile Circuit Court no longer had subject-matter jurisdiction over those issues when the mother filed her petition.[3]
One possible source of subject-matter jurisdiction is §30-3B-202(a), Ala. Code 1975, which is a part of Alabama's version of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified at § 30-3B-101 et seq., Ala. Code 1975. Section 30-3B-202(a), Ala. Code 1975, provides:
 "(a) Except as otherwise provided in Section 30-3B-204, a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203 has continuing, exclusive jurisdiction over the determination until:
 "(1) A court of this state determines that neither the child, nor the child and one parent, nor the child *Page 1099 
and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
 "(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state."
(Emphasis added.)
Because the Mobile Circuit Court had made the initial custody determination regarding the children in the divorce judgment consistent with § 30-3B-201, Ala. Code 1975,[4] §30-3B-202(a) would confer upon it continuing, exclusive jurisdiction over the mother's petition unless either subsection (1) or subsection (2) of § 30-3B-202(a) applies.
In order for § 30-3B-202(a)(2) to apply, the evidence must support a determination "that the child[ren], the child[ren]'s parents, and any person acting as a parent do not presently reside in this state." Although it appears that the Mobile Circuit Court failed to make such a determination in the case now before us, the evidence before the Mobile Circuit Court justified such a determination. Continuing, exclusive jurisdiction under § 30-3B-202(a) is determined on the basis of the circumstances existing on the date a petition seeking a modification of an Alabama court's prior custody determination is filed. See C.J.L. v. M.W.B.,868 So.2d 451, 453 (Ala.Civ.App. 2003). In the case now before us, the mother, the father, and the children all resided in North Carolina on the date the mother's petition was filed. Therefore, § 30-3B-202(a)(2) deprived the Mobile Circuit Court of continuing, exclusive jurisdiction to adjudicate the mother's petition unless a "person acting as a parent" resided in Alabama on the date the mother's petition was filed.
Section 30-3B-102Q3), Ala. Code 1975, defines "person acting as a parent" as
"[a] person, other than a parent, who: *Page 1100 
 "a. Has physical custody of the child or has had physical custody for a period of six consecutive months, including any temporary absence, within one year immediately before the commencement of a child custody proceeding; and
 "b. Has been awarded legal custody by a court or claims a right to legal custody under the law of this state."
Section 30-3B-102Q4), Ala. Code 1975, defines "physical custody" as "[t]he physical care and supervision of a child."
Although the evidence established that the children were in the physical custody of their maternal grandparents for a period of six consecutive months within one year immediately before the mother's petition was filed in December 2004, there is no evidence in the record tending to establish that the maternal grandparents had been awarded legal custody or claimed a right to legal custody of the children, as required by § 30-3B-102(13)b. Cf. Patrick v. Williams,952 So.2d 1131, 1139 (Ala.Civ.App. 2006) (concluding that a maternal grandmother met the definition of a "person acting as a parent" because she had physical custody of the children and had claimed a right to their custody). Therefore, the children's maternal grandparents are not "person[s] acting as . . . parent[s]" as defined by § 30-3B-102(13). Moreover, the record does not contain any evidence establishing the existence of any other "person acting as a parent." Consequently, §30-3B-202(a)(2) deprived the Mobile Circuit Court of continuing, exclusive jurisdiction over the mother's petition.See C.J.L. v. M.W.B., 868 So.2d at 453 (concluding that § 30-3B-202(a)(2) deprived the trial court of continuing, exclusive jurisdiction over the proceeding because the parents and the children no longer resided in Alabama).
Section 30-3B-202(b), Ala. Code 1975, provides that "[a] court of this state which has made a child custody determination and does not have continuing, exclusive jurisdiction under [§30-3B-202(a)] may modify that determination only if it has jurisdiction to make an initial determination under Section 30-3B-201."[5] As discussed in footnote 4, supra, §30-3B-201 conferred upon the Mobile Circuit Court jurisdiction to make the initial custody determination in the divorce judgment. However, in the case now before us, Alabama was not the home state of the children on the date the mother's petition was filed. Section 30-3B-102(7), Ala. Code 1975, defines "home state" as "[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." As discussed above, although the children had lived in Alabama with their maternal grandparents within six months before the mother's petition was filed, the maternal grandparents did not constitute "person[s] acting as . . . parent[s]." Therefore, Alabama was not the home state of the children pursuant to § 30-3B-201(a)(1). Furthermore, the record establishes that the North Carolina court had subject-matter jurisdiction over the custody of the children on the date the mother filed her petition because, on that date, the mother, the father, and the children all resided in North Carolina. In addition, the record contains no evidence indicating that a North Carolina court had declined to exercise jurisdiction. Therefore, § 30-3B-201 did not confer upon the Mobile Circuit Court subject-matter jurisdiction over the mother's petition.
Another possible source of subject-matter jurisdiction is §30-3B-204, Ala. *Page 1101 
Code 1975, which is also a part of Alabama's version of the UCCJEA. That section provides:
 "(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse."
(Emphasis added.)
Although the mother alleged in her petition that the children were physically abused and neglected while the father had primary physical custody of the children, § 30-3B-204 did not confer upon the Mobile Circuit Court temporary emergency jurisdiction over the mother's petition because the children were not physically present in this state on the date the mother's petition was filed. Cf. In re M.B., 179 N.C.App. 572, 575-76, 635 S.E.2d 8, 11 (2006) (concluding that the trial court had temporary emergency jurisdiction pursuant to N.C. Gen.Stat. § 50A-204, the equivalent of §30-3B-204, because the child was physically present in North Carolina and the child was subject to mistreatment).
The final possible source of subject-matter jurisdiction is the Parental Kidnapping Prevention Act ("PKPA"), codified at28 U.S.C. § 1738A.
 "`The Parental Kidnapping Prevention Act (`PKPA'), 28 U.S.C. § 1738A, and [the UCCJEA] govern when a state has jurisdiction to decide a child-custody issue. The PKPA states that continuing jurisdiction remains in a state that has made a child-custody determination provided that the state continues to have jurisdiction under the state's laws and the child or at least one "contestant" resides in that state. 28 U.S.C. § 1738A(d); see also Holloway v. Holloway, 519 So.2d 531, 532
(Ala.Civ.App. 1987).'"
Patrick v. Williams, 952 So.2d at 1138 (quotingM.J.P. v. K.H., 923 So.2d 1114, 1116
(Ala.Civ.App. 2005)) (emphasis added).28 U.S.C. § 1738A(b)(2) defines "contestant" as "a person, including a parent or grandparent, who claims a right to custody or visitation of a child." The PKPA conferred no jurisdiction on the Mobile Circuit Court to adjudicate the mother's petition because (1) Alabama law did not confer continuing jurisdiction on the Mobile Circuit Court and (2) neither the children nor a "contestant" resided in Alabama on the date the mother filed her petition.
Because, on the date the mother's petition was filed, the Mobile Circuit Court no longer had subject-matter jurisdiction over the issues of the custody of and visitation with the children, we affirm the judgment deferring to the jurisdiction of the North Carolina court with respect to those issues. Moreover, because the Mobile Circuit Court did not have subject-matter jurisdiction over those issues when it entered orders awarding the mother custody, awarding the father visitation rights, and ordering the father to pay the mother monthly child support, those orders are void. See G.W. v.Dale County Dep't of Human Res., 939 So.2d 931, 934
(Ala.Civ.App. 2006) (citing C.J.L. v. M.W.B.,868 So.2d 451, 454 (Ala.Civ.App. 2003)) ("A judgment entered by a court that lacks subject-matter jurisdiction is void."). Therefore, we vacate the orders of the Mobile Circuit Court awarding the mother custody, awarding the father visitation rights, and ordering the father to pay the mother monthly child support.
[1] The record does not indicate the date the father commenced the divorce action or the location of the mother's residence on that date.
[2] The record does not indicate the date the father moved to North Carolina or the identity of the person or persons with whom he left the children in Alabama.
[3] Although the mother does not explicitly address the subject-matter jurisdiction of the Mobile Circuit Court, her challenge to the judgment deferring jurisdiction necessarily requires this court to determine whether the Mobile Circuit Court had subject-matter jurisdiction. "The issue of subject-matter jurisdiction is `"of such magnitude that we take notice of [it] at any time and do so even ex mero motu."'"G.W. v. Dale County Dep't of Human Res., 939 So.2d 931, 934
(Ala.Civ.App. 2006) (quoting Wallace v. Tee Jays Mfg.Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997), in turn quotingNunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)).
[4] Section 30-3B-201 provides:
 "(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
 "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
 "(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
 "a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
 "b. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
 "(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
 "(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
"(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state."
(Emphasis added.)
The Mobile Circuit Court had jurisdiction to make the initial custody determination consistent with § 30-3B-201 because Alabama was the children's home state at the time the father commenced the divorce action and when the Mobile Circuit Court entered the divorce judgment.
[5] For the text of § 30-3B-201, see footnote 4, supra.
AFFIRMED; ORDERS VACATED.
 THOMAS and MOORE, JJ., concur. *Page 1102 
PITTMAN, J., concurs in part and concurs in the result, with wopinion.
THOMPSON, P.J., concurs, in the result, without opinion.