MOORE, Judge.
 

 Marcy Hamlet Baker (“the mother”) appeals from a judgment of the Russell Circuit Court transferring physical custody of her two minor children, Sylvan and Con-nor, to Anthony Jacob Baker (“the father”). We dismiss the appeal.
 

 The mother and the father were divorced by a judgment of the Russell Circuit Court (“the trial court”) in 1996 when Sylvan, the daughter, was three years old, and Connor, the son, was not quite two years old. The judgment incorporated an agreement entered between the parties, pursuant to which the parties, who were then residing in Valley, Alabama, were to share “joint custody” of the children with the mother to have “primary care, custody and control.” The father received specified visitation privileges, including the right to have the children visit with him every other weekend, one week around Christmastime, two weeks in the summer, and at “such other times as the parties may agree.” The parties further agreed that, due to financial concerns, the father would pay $400 per month in child support, which was below the amount established by the Alabama Child-Support Guidelines.
 
 See
 
 Rule 32, Ala. R. Jud. Admin.
 

 After the divorce, the parties and the children moved to west Georgia relatively near one another. The children resided with the mother, but they enjoyed frequent visitation with the father. In April 2005, the mother married Andres “Mike” Grass, a German citizen. Not long after the mother’s remarriage, the mother and the father agreed that the children would spend the 2005-2006 school year with the mother and Mike in Ireland, where Mike had lined up a hotel-management job, but that the mother and the children would
 
 *472
 
 then return to the United States in approximately June 2006. In March 2006, the mother informed the father that she planned on staying in Ireland longer than she had initially intended and that she wanted the children to remain in Ireland with her after they spent part of the summer of 2006 with the father. The father objected to the children remaining in Ireland, and he told the mother that when the children returned to the United States he planned to keep them in this country.
 

 On May 17, 2006, the mother filed in the trial court a petition for a rule nisi and for modification of the divorce judgment. In that petition, the mother sought various forms of relief, including that she be awarded legal and physical custody of the children, that the father’s visitation schedule be modified, and that the father be required to pay child support in accordance with the Rule 32 child-support guidelines. The mother also filed a request for a pendente lite order requiring the father to return the children to her in Ireland at the end of their summer visitation. The mother served her petition on the father by certified mail at his address in LaGrange, Georgia. On June 14, 2006, the father filed an objection and a counter-petition in which he asserted that the mother had violated their agreement to return the children to the United States after June 2006, averred that the mother was not properly caring for the children in Ireland, and impliedly requested that custody of the children be transferred to him.
 

 On July 10 and 12, 2006, the trial court conducted hearings on the mother’s request for pendente lite relief at which it received the testimony of the mother, the father, and the children. After those hearings, the trial court entered a pendente lite order on July 27, 2006. Although the order does not appear in the record on appeal, it is apparent from the documents and testimony that are included in the record that the trial court allowed the mother to retain physical custody of the children in Ireland subject to the father’s being allowed to visit with the children both in Ireland and in the United States. In April 2007, the parties met for another court hearing, at which time they reached a tentative agreement that the mother would be awarded physical custody of the children subject to the father’s right to visitation. However, the parties never finalized that agreement, and the case was set for trial on July 9, 2008. Following the trial, the trial court entered a judgment on July 29,
 
 2008,
 
 awarding the father physical custody of the children subject to visitation by the mother. The mother appealed.
 

 On appeal, the mother argues that the trial court erred in transferring physical custody of the children to the father because, she says, the father failed to present sufficient evidence to meet the standard set out in
 
 Ex parte McLendon,
 
 455 So.2d 863 (Ala.1984). However, we cannot reach that issue because we conclude that the trial court did not have subject-matter jurisdiction over the custody-modification petitions.
 

 Although neither party has raised an issue regarding this court’s jurisdiction, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu." Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987). The jurisdiction of an Alabama court to modify a prior custody determination depends on the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), Ala.Code 1975, § 30-3B-101 et seq. The UCCJEA provides, in pertinent part:
 

 “(a) Except as otherwise provided in Section 30-3B-204, [Ala.Code 1975,] a court of this state which has made a child custody determination consistent
 
 *473
 
 with Section 30-3B-201 or Section 30-3B-203[, Ala.Code 1975,] has continuing, exclusive jurisdiction over the determination until:
 

 “(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or
 

 “(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.
 

 “(b) A court of this state which has made a child custody determination and does not have continuing, exclusive jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 30-3B-201.”
 

 Ala.Code 1975, § 30-3B-202.
 

 In this case, the trial court made the initial custody determination in 1996 when the parties and the children resided in Valley. However, the evidence presented at the pendente lite hearings established that, after the divorce, the father moved to LaGrange, Georgia, and the mother and the children moved to Westpoint, Georgia. Once it was shown that the custodial parent, the noncustodial parent, and the children had moved from Alabama, pursuant to § 30-3B-202(a)(2), the trial court should have determined that it had lost continuing, exclusive jurisdiction to modify its 1996 custody determination.
 
 [1]
 

 Once a court loses continuing, exclusive jurisdiction to modify a custody determination, § 30-3B-202(b) provides that a trial court “may modify that determination only if it has jurisdiction to make an initial determination under Section 30-3B-201.” Section 30-3B-201 provides:
 

 “(a) Except as otherwise provided in Section 30-3B-204, [Ala.Code 1975,] a court of this state has jurisdiction to make an initial child custody determination only if:
 

 “(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
 

 “(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, [Ala.Code 1975,] and:
 

 “a. The child and the child’s parents, or the child and at least one parent or a person acting as a
 
 *474
 
 parent, have a significant connection with this state other than mere physical presence; and
 

 “b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
 

 “(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
 

 “(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
 

 “(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
 

 “(c) Physical presence of a child is not necessary or sufficient to make a child custody determination.”
 

 The evidence shows that, on the date the mother filed her petition in May 2006, Alabama was not the children’s “home state”
 
 [2]
 
 and that Alabama had not been their home state for any part of the six months before the commencement of the modification action. Hence, § 30-3B-201(a)(1) does not apply. Section 30-3B-201(a)(2) also does not apply. At the time the mother filed her modification petition, the children had not resided in any state of the United States for over six months. Therefore, no state had jurisdiction to modify custody under § 30-3B-201(a)(l). Arguably, the father had a significant connection with Alabama because, in May 2006, he was building a house in Alabama in which he planned to reside;
 
 [3]
 
 likewise, the children arguably had a significant connection with this state because they would be expected to visit the father at that house once it was completed.
 
 [4]
 
 However, neither party asserted that, at the time of the commencement of the modification action, there was substantial evidence available in this state concerning the “care, protection, training, and personal relationships” of the children. At the pendente lite hearings, held within eight weeks of the filing of the mother’s petition, neither party presented the testimony of a witness residing in Alabama
 
 [5]
 
 nor did either of them introduce into evidence any document produced in Alabama.
 

 Section 30-3B-201(a)(3) does not apply because neither the mother nor the father
 
 *475
 
 filed a modification petition with any other court that would have jurisdiction under § 30-3B-201(a)(l) or (2) and, obviously, no other court had deferred to the trial court as a more appropriate forum. Finally, § 30-3B-201(a)(4) does not apply because a Georgia court would have had jurisdiction to modify custody under § 30-3B-201(a)(2). At the time the modification petition was filed, the father was living and working in Georgia, and, thus, he had a significant connection with that state. The children were planning on visiting the father at his home in Georgia in the summer of 2006, thus they maintained a significant connection with that state. Also, substantial evidence, namely the testimony of the father, was available in Georgia regarding the care, protection, training, and personal relationships of the children.
 

 Because the trial court did not have continuing, exclusive jurisdiction under § 30-3B-202, and because the trial court did not have jurisdiction under § 30-3B-201, the trial court did not have the authority to enter any judgment modifying the 1996 custody determination. Therefore, the judgment the trial court entered on July 29, 2008, is void for lack of subject-matter jurisdiction.
 

 This court has a duty to dismiss an appeal that is taken from a void judgment because a void judgment will not support an appeal.
 
 See Hayes v. Hayes,
 
 16 So.3d 117 (Ala.Civ.App.2009).
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 . The father moved back to Alabama not long after the pendente lite hearings. The Official Comment to § 30-3B-202 states: "Jurisdiction attaches at the commencement of a proceeding.”
 
 See also Peterson v. Peterson,
 
 965 So.2d 1096, 1099 (Ala.Civ.App.2007) (citing
 
 C.J.L. v. M.W.B.,
 
 868 So.2d 451, 453 (Ala.Civ.App.2003)) ("Continuing, exclusive jurisdiction under § 30-3B-202(a) is determined on the basis of the circumstances existing on the date a petition seeking a modification of an Alabama court’s prior custody determination is filed.”). The Comment further states that ”[e]xclusive, continuing jurisdiction is not reestablished if, after the child, the parents, and all persons acting as parents leave the state, the non-custodial parent returns.” Hence, the fact that the father had resumed residing in Alabama by the time of the trial does not alter the conclusion that the trial court had lost continuing, exclusive jurisdiction.
 

 [2]
 

 . Section 30-3B-l 02(7) defines “home state" as "[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding.” The children did not reside in Alabama during that period.
 

 [3]
 

 . The father had been working on the house for over five years at the time of the pendente lite hearings. He testified that he expected to complete construction of the house in the fall of 2006 but that, in the event he did not complete construction as he expected, he planned to remain residing in LaGrange.
 

 [4]
 

 . The father testified that the children had, in fact, stayed in the house on occasion while it was under construction.
 

 [5]
 

 .The father testified on July 10, 2006, that he had extended family in the Phenix City/Valley area that was willing to help him out when he moved back to Valley. Several members of the father's extended family and some of his friends attended the pendente lite hearing on July 10, 2006, but the father did not call any of them as witnesses. Furthermore, the father did not indicate in any fashion that his relatives and friends who resided in Alabama had any relevant information regarding the care, protection, or training of the children. Furthermore, neither the father nor any other witness testified regarding any personal relationship between the children and the father's Alabama relatives and friends.