MOORE, Judge.
 

 Boyd James Landry (“the father”) and Angela 0. Landry (“the mother”) were divorced by a judgment entered by the Au-tauga Circuit Court (“the trial court”) on October 4, 2007. In that divorce judgment, the trial court ordered the father to pay $2,500 as child support for the parties’ four minor children.
 
 [1]
 
 On June 9, 2008, the father filed a petition to modify his child-support obligation; the trial court clerk assigned that petition case no. DR-06-65.02. In support of his petition, the father argued that his income had decreased by 10.1%, justifying a downward modification of his child-support obligation.
 

 On September 2, 2008, the trial court heard arguments on the father’s modification petition, accepted into evidence tax returns for the parties for the tax years of 2006 and 2007, accepted into evidence an exhibit summarizing the parties’ incomes, and took the matter under advisement. On September 23, 2008, the trial court entered into the State Judicial Information System (“SJIS”) a judgment disposing of the action.
 
 [2]
 

 On September 29, 2008, the father filed a “Motion for an Expedited Order.” In his motion, the father asserted that, on September 23, 2008, the trial court had adjudicated a parallel contempt action that had been filed by the mother against the father and that had been assigned case no. DR-06-65.01.
 
 [3]
 
 The father asserted that the trial court mistakenly had concluded in the judgment entered in case no. DR-06-65.01 that the parties had settled all the issues between them, including the issues raised in the father’s child-support-modification petition, case no. DR-06-65.02. The father maintained that the parties had not settled the issues involved in his modification petition and that the petition remained pending. The father requested the trial court to correct the judgment to reflect that the child-support-modification petition remained pending and to adjudicate that petition.
 

 Before the trial court took any action on the father’s motion for an expedited order, on November 4, 2008, the father filed a notice of appeal (“the first appeal”); this court assigned that appeal case no. 2080171. On the notice-of-appeal form, the father indicated that he was appealing the September 23, 2008, judgment entered in case no. DR-06-65.02. On the docketing statement, the father indicated the issue
 
 *757
 
 on appeal to be: “The trial court erred in closing this case [DR-06-65.02] with an order for Case # DR-2006-000065.01. Petition to Modify still outstanding.”
 

 While the first appeal remained pending, on November 18, 2008, the trial court entered the following handwritten notation on the trial court’s case-action-summary sheet in case no. DR-06-65.02:
 

 “Issue presented ... by oral argument as to depreciation and rate that is to be used for [the father’s] income for [child support] to be established. Court upon review of income since 2006 does not find a 10% change in income, therefore, the agreed child support as between the parties remains at $2,500 per month.”
 

 On January 7, 2009, the father filed a motion to alter, amend, or vacate that judgment. On that same date, the father filed a second notice of appeal (“the second appeal”); the court assigned the second appeal ease no. 2080372. In his second notice of appeal, the father indicated that he was appealing from the November 18, 2008, judgment entered in case no. DR-06-65.02. The father identified the issue appealed from as the trial court’s erroneous denial of his modification petition.
 

 On January 29, 2009, the trial court entered its November 18, 2008, order into the SJIS. After hearing arguments on the father’s postjudgment motion on February 27, 2009, the trial court denied that motion that same day. Later that same date, the father filed a motion styled “Amended Motion to Alter, Amend or Vacate or, In the Alternative, To Set For Hearing.” In that motion, the father alleged newly discovered evidence. The trial court purportedly denied that motion by entry of a notation into the SJIS on April 1, 2009.
 

 This court consolidated the father’s appeals
 
 ex mero motu.
 
 On appeal, the father argues that the trial court erred in failing to modify his child-support obligation because of the 10% change in his income since 2006, that the trial court erred in failing to recognize his self-employment income, and that the trial court failed to correctly apply the child-support guidelines of Rule 32, Ala. R. Jud. Admin.
 

 Analysis
 

 “Although neither party has raised an issue regarding this court’s jurisdiction, ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.’” Baker v. Baker,
 
 25 So.3d 470, 472 (Ala.Civ.App.2009) (quoting
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987)).
 
 See also
 
 Rule 2(a)(1), Ala. R.App. P.
 

 Case No. 2080171
 
 — The
 
 First Appeal
 

 The father first appealed from the trial court’s judgment, entered on September 23, 2008, disposing of the father’s petition to modify his child-support obligation. The father’s motion for an expedited order, filed on September 29, 2008, was, in essence, a motion filed pursuant to Rule 59, Ala. R. Civ. P., seeking to alter, amend, or vacate the September 23 judgment.
 
 See Evans v. Waddell,
 
 689 So.2d 23, 26 (Ala.1997) (“The substance of a motion and not its style determines what kind of motion it is.”). Because that postjudgment motion was still pending at the time the father filed his first appeal on November 4, 2008, the father’s appeal was held in abeyance until such time as the trial court disposed of the postjudgment motion or it was denied by operation of law.
 
 See
 
 Rule 4(a)(5), Ala. R.App. P. (“A notice of appeal filed after the entry of judgment but before the disposition of all post-judgment motions ... shall be held in abeyance until all post-judgment motions ... are ruled upon; such a notice of appeal shall become effective upon the date of disposition of the last of all such motions.”).
 

 
 *758
 
 On November 18, 2008, the trial court rendered a substantive ruling on the father’s modification petition; we construe that order as a decision by the trial court to amend the September 23, 2008, judgment in response to the father’s post-judgment motion. However, the trial court did not enter that order into the SJIS until January 29, 2009.
 
 See
 
 Rule 58(c), Ala. R. Civ. P. (“An order or a judgment rendered electronically by the judge under subdivision (1)(5) of this rule shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order of judgment into the State Judicial Information System.”). By that time, pursuant to Rule 59.1, Ala. R. Civ. P., the father’s postjudgment motion already had been denied by operation of law.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. (“No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days....”). The time for entering a ruling on the father’s postjudgment motion had expired on December 29, 2008.
 
 [4]
 
 Accordingly, the trial court’s November 18, 2008, order, entered into the SJIS on January 29, 2009, is a nullity.
 

 The father’s first appeal ripened on December 29, 2008, i.e., the day his post-judgment motion was deemed denied by operation of law. Thus, the father’s appeal in case no. 2080171, taken from the September 23, 2008, judgment, is properly before the court.
 

 Case no. 2080372
 
 — The
 
 Second Appeal
 

 On January 7, 2009, the father filed a second notice of appeal, purportedly appealing from the November 18, 2008, order.
 
 [5]
 
 As pointed out above, that order is void as an untimely attempt by the trial court to rule on the father’s postjudgment motion. A void order will not support an appeal.
 
 See K.R. v. D.H.,
 
 988 So.2d 1050; 1052 (Ala.Civ.App.2008). For that reason, this court lacks appellate jurisdiction in case no. 2080372, and we dismiss that appeal.
 

 Whether the Trial Court Erred in Disposing of the Father’s Modification Petition on September 23, 2008
 

 On appeal, the father argues (1) that the trial court erred in failing to modify his child-support obligation because his income had decreased by 10% since 2006, (2) that the trial court erred in failing to recognize his self-employment income, and (3) that the trial court failed to correctly apply the child-support guidelines of Rule 32, Ala. R. Jud. Admin. Those issues relate only to the order rendered by the trial
 
 *759
 
 court on November 18, 2008, which, as we have explained above, is the subject of the father’s second appeal, which we have dismissed.
 

 Because the father has failed to assert on appeal any error related to the September 23, 2008, judgment at issue in case no. 2080171, we must affirm that judgment.
 
 See Butler v. Town of Argo,
 
 871 So.2d 1, 20 (Ala.2003) (“ ‘[I]t is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.’ ” (quoting
 
 Dykes v. Lane Trucking, Inc.,
 
 652 So.2d 248, 251 (Ala.1994), citing in turn
 
 Spradlin v. Spradlin,
 
 601 So.2d 76 (Ala.1992))).
 
 See also Boshell v. Keith,
 
 418 So.2d 89, 92 (Ala.1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”).
 

 The mother’s request for the award of an attorney fee on appeal is granted in the amount of $750.
 

 2080171 — AFFIRMED.
 

 2080372 — APPEAL DISMISSED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 THOMPSON, P.J., concurs in the result, without writing.
 

 [1]
 

 .Our recitation of the terms of the parties' divorce judgment is taken from the father’s pleadings. These aspects of the divorce judgment appear undisputed in this action.
 

 [2]
 

 . The record before us provides no other information as to that judgment.
 

 [3]
 

 . The record from case no. DR-06-65.01 is not contained in the record before us.
 

 [4]
 

 . The 90th day fell on December 28, 2008, a Sunday. Thus, the father’s postjudgment motion was deemed denied on the following Monday, December 29, 2008.
 
 See Richburg v. Cromwell,
 
 428 So.2d 621 (Ala.1983); and
 
 First Alabama Bank v. McGowan,
 
 758 So.2d 1116 (Ala.Civ.App.2000).
 

 [5]
 

 . The father's amended postjudgment motion, filed on February 27, 2009, after the trial court had lost jurisdiction of the case, could be construed as having been filed pursuant to Rule 60(b)(2), Ala. R. Civ. P.
 
 See Evans v. Waddell,
 
 689 So.2d at 26 ("The substance of a motion and not its style determines what kind of motion it is.”);
 
 Kimbrell
 
 v.
 
 Kimbrell,
 
 965 So.2d 789, 793 (Ala.Civ.App.2007) (recognizing that successive postjudgment motions are generally not permitted); and
 
 Foster v. Greer & Sons, Inc.,
 
 446 So.2d 605, 608 (Ala.1984) (recognizing that jurisdiction of a case may only be in only one court at a time). However, the father did not obtain permission from this court to file his Rule 60(b) motion in the trial court.
 
 See
 
 Rule 60(b), Ala. R. Civ. P. ("Leave to make the motion [pursuant to Rule 60] need not be obtained from any appellate court
 
 except during such time as an appeal from the judgment is actually pending before such court."
 
 (emphasis added)). Thus, the father's Rule 60(b)(2) motion was not properly before the trial court.