47 So.3d 1251 (2010)
Michael SMITH and Bridgette Smith
v.
William Lee ESTES and Jackie Clark Estes.
No. 2080678.
Court of Civil Appeals of Alabama.
April 2, 2010.
Neil Taylor, Jr., Russellville, for appellants.
Bethany Ellison Malone, Tuscumbia, for appellees.
MOORE, Judge.
On July 15, 2008, William Lee Estes and Jackie Clark Estes filed an unlawful-detainer/eviction action against Michael Smith and Bridgette Smith in the Colbert District Court. Following a bench trial, the district court entered a judgment on August 14, 2008, in favor of the Esteses and against the Smiths. On August 25, 2008, the Smiths appealed the district court's judgment to the Colbert Circuit Court.
On December 29, 2008, the Smiths filed a motion for a partial summary judgment. *1252 The Esteses filed a motion for a summary judgment on January 22, 2009. Following a hearing on the summary-judgment motions, the circuit court purported to enter a judgment on March 20, 2009, denying the motion for a partial summary judgment filed by the Smiths, granting the Esteses' summary-judgment motion, and awarding the Esteses $1,647, plus court costs. The Smiths filed a notice of appeal to this court on April 24, 2009.
"Although neither party has raised an issue regarding this court's jurisdiction, `jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Baker v. Baker, 25 So.3d 470, 472 (Ala.Civ. App.2009) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). See also Rule 2(a)(1), Ala. R.App. P.
Section 6-6-350, Ala.Code 1975, which governs appeals from a district court to the circuit court in an unlawful-detainer action, provides:
"Any party may appeal from a judgment entered against him or her by a district court to the circuit court at any time within seven days after the entry thereof, and appeal and the proceedings thereon shall in all respects, except as provided in this article, be governed by this code relating to appeal from district courts...."
(Emphasis added.) Additionally, § 35-9A-461(d), Ala.Code 1975, which governs appeals from a district court to the circuit court in an eviction action, provides that
"any party may appeal from an eviction judgment entered by a district court to the circuit court at any time within seven days after the entry thereof. The filing of a timely post-judgment motion pursuant to the Alabama Rules of Civil Procedure shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion, or the date of the denial of such motion by operation of law pursuant to Rule 59.1 of the Alabama Rules of Civil Procedure."
(Emphasis added.)
The district court entered its judgment on August 14, 2008; no postjudgment motions were filed. The Smiths filed their notice of appeal to the circuit court on August 25, 2008, 11 days after the district court's judgment was entered. Although Rule 6(a), Ala. R. Civ.App., provides that "[w]hen the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation," this court has recently held that that provision is inapplicable to appeals to the circuit court in unlawful-detainer actions. Ex parte Arlington Props., Inc., [Ms. 2090038, March 26, 2010] ___ So.3d ___, ___ (Ala.Civ.App.2010). Thus, contrary to the requirements of § 6-6-350 and § 35-9A-461, the Smiths did not file their notice of appeal to the circuit court within seven days of the entry of the district court's judgment.
The timely filing of a notice of appeal is a jurisdictional act. Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985). "[A]n untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived." Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App. 2006). Because the Smiths did not timely file their notice of appeal to the circuit *1253 court, the circuit court lacked subject-matter jurisdiction. See Williams v. Lollar, 8 So.3d 319, 321 (Ala.Civ.App.2008); see also Singleton v. Graham, 716 So.2d 224, 225-26 (Ala.Civ.App.1998). Because the circuit court lacked jurisdiction when it purported to enter the March 20, 2009, judgment, the circuit court's judgment is void. Id. "A void judgment will not support an appeal, and `an appellate court must dismiss an attempted appeal from such a void judgment.'" Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App. 2008)). Accordingly, we dismiss the Smiths' appeal, albeit with instructions to the circuit court that it vacate its void March 20, 2009, judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN, J., concurs.
BRYAN, J., concurs in the result, without writing.
THOMAS, J., dissents, with writing, which THOMPSON, P.J., joins.
THOMAS, Judge, dissenting.
I respectfully dissent. I continue to believe that the application of Rule 6(a), Ala. R. Civ. P., to compute the time for filing a notice of appeal to the circuit court from a judgment of the district court does not unconstitutionally expand the jurisdiction of the circuit court. See my dissent in Ex parte Arlington Props., Inc., [Ms. 2090038, March 26, 2010] ___ So.3d ___, ___ (Ala. Civ.App.2010).
THOMPSON, P.J., concurs.