MOORE, Judge,
dissenting.
I respectfully dissent. The sole question before this court is whether the Russell Circuit Court (“the trial court”) had subject-matter jurisdiction to enter its August 26, 2015, order. In that order, the trial court commanded Byron Stouffer (“the father”) to return C.J.S. (“the child”) to the physical custody of Heather Stouf-fer Wilson (“the mother”). In doing so, the trial court, as it expressly stated, was acting to enforce its own judgment entered on September 19, 2014 (“the 2014 judgment”), not to modify it.[4] The father asserts that the trial court did not have jurisdiction to enforce the 2014 judgment because neither he, nor the mother, nor the child were residing in Alabama on July 22, 2015, when the mother commenced her action to enforce the 2014 judgment. I agree.
Section 30-3B-202, Ala.Code 1975, provides, in pertinent part:
“(a) Except as otherwise provided in Section 30-3B-204, [Ala.Code 1975,] a court of this state which has made a child custody determination consistent with Section 30-3B-201[, Ala.Code 1975,] or Section 30-3B-203[, Ala.Code 1975,] has continuing, exclusive jurisdiction over the determination until:
“(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or
' “(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.”
By its unambiguous language, § 30-3B-202 grants a court of this state that has *1201 made a child-custody determination “continuing, exclusive jurisdiction” over that determination. Such jurisdiction inherently would include the power to enforce the judgment by any lawful means, not just the power to modify the judgment. Equally unambiguously, § 30-3B-202(a)(2) provides that the continuing, exclusive jurisdiction of the court ends when “the child, the child’s parents, and any person acting as a parent do not presently reside in this state.”
In this case, it is undisputed that the child and the child’s parents did not reside in Alabama on July 22, 2015, the date the mother commenced her enforcement action. See Peterson v. Peterson, 965 So.2d 1096, 1099 (Ala.Civ.App.2007) (holding that the continuing, exclusive jurisdiction of a court over a child-custody determination depends on the circumstances existing at the time an action seeking to invoke that jurisdiction is commenced). The mother had moved her residence from Alabama to Colorado a month before she commenced the enforcement action. The father was a resident of Pennsylvania when the mother commenced her enforcement action. The child was supposed to move with the mother to Colorado, but declined, expressing an intention to reside with the father in Pennsylvania. Regardless of the ultimate disposition as to his custody, the child no longer resided in Alabama in July 2015. Hence, pursuant to § 30-3B-202(a), the trial court had lost continuing, exclusive jurisdiction and, with it, the power to enforce the 2014 judgment.
Because the trial court did not have jurisdiction to enforce the 2014 judgment, this court should issue the writ of mandamus for which the father petitions.

. Thus, I find no need to discuss the jurisdiction of the trial court to modify the 2014 judgment.